UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 10-30015 |
| | ) | Chapter 11 |
| MICHAEL JOSEPH HARDES | ) | |
| aka Mike Hardes | ) | |
| fdba Hardes Farms | ) | |
| SSN/ITIN xxx-xx-2809 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PENNY LYNN HARDES | ) | |
| fdba Hardes Farms | ) | |
| SSN/ITIN xxx-xx-0715 | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| JOSEPH E. HARDES TRUST | ) | Adv. No. 10-3002 |
| and A.A. HARDES TRUST | ) | |
| | ) | |
| Plaintiffs | ) | DECISION RE: DEBTORS-DEFENDANTS' |
| -vs- | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | |
| MICHAEL JOSEPH HARDES | ) | |
| and PENNY LYNN HARDES | ) | |
| | ) | |
| Defendants. | ) | |

The matter before the Court is Debtors-Defendants Michael Joseph Hardes, Penny Lynn Hardes, Wade Michael Hardes, and Keri Ann Hardes's Motion for Summary Judgment.[1]  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and order constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052.  As set forth below, the motion will be granted.

I.

Plaintiffs Joseph E. Hardes Trust and A.A. Hardes Trust filed complaints against Debtors-Defendants Michael Joseph Hardes, Penny Lynn Hardes, Wade Michael Hardes, and Keri Ann Hardes ("Debtors") seeking a determination that the trusts' claims against Debtors are nondischargeable under 11 U.S.C. § 523(a)(2), (4), or (6).

---

[1] Adversary Proceeding Nos. 10-3002 and 10-3003 have been consolidated for purposes of discovery and trial, with all documents being filed in Adv. No. 10-3002.

The trusts' claims arise from money taken from the trusts while Debtor Michael Hardes was a trustee for each.[2] Debtors seek summary judgment in their favor in all regards and as to all defendants "except [as to] Defendant Michael Hardes on the single allegation of fraud or defalcation while acting in a fiduciary capacity."[3]

Debtors claim the funds taken from the trusts were loans to be repaid. As to § 523(a)(2)(A) in particular, Debtors want the complaints dismissed for the trusts' failure to plead any acts of fraud with specificity, as required by Fed.R.Bankr.P. 7009 and Fed.R.Civ.P. 9(b). As to fraud by a fiduciary under § 523(a)(4), they argue only Debtor Michael Hardes had the requisite express fiduciary relationship with the trusts. As to larceny or embezzlement under § 523(a)(4), Debtors argue the trusts have not advanced any facts establishing the necessary elements for either. Finally, regarding the nondischargeability of a debt arising from a willful and malicious injury, Debtors argue the trusts have failed to advance specific evidence in the record showing any conduct targeted to cause the trusts economic harm.

The trusts, in response, argue Debtors' self-serving statements that they took the money as loans and intended to repay them are not sufficient to meet their burden on a summary judgment motion. Citing *Caspers v. Van Horne (In re Van Horne)*, 823 F.2d 1285, 1288 (8th Cir. 1987), and detailing the circumstances regarding Debtor Michael Hardes's appointment as a trustee, his operation of the trusts, the rapid dissipation of trusts' assets, the lack of documentation and security for loans, and Debtors' failure to repay much of the money taken from the trusts, the trusts argue,

---

[2] The Joseph E. Hardes Trust and the A.A. Hardes Trust each filed a proof of claim for $1,933,666.00 in both bankruptcy cases. The trusts stated on the claim forms they did not know if their claims were unsecured or secured, but indicated they may have a right of setoff against estate property.

[3] Debtors' statement of material facts that they contend are not genuinely disputed did not comply with Bankr. D.S.D. R. 7056-1(a)(1).

"[t]he focus is, then, on whether the debtor's actions 'appear so inconsistent with [his] self-serving statement of intent that the proof leads the court to disbelieve the debtor.'" The trusts urge the Court to adopt a conspiracy theory in finding Debtors Penny Hardes, Wade Hardes, and Keri Hardes joined Debtor Michael Hardes in defrauding the trusts.

II.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(a). An issue of material fact is *genuine* if it has a real basis in the record. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (quotes therein). A genuine issue of fact is *material* if it might affect the outcome of the case. *Id.* (quotes therein). The matter must be viewed in the light most favorable to the party opposing the motion. *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997); *Amerinet, Inc. v. Xerox Corp.*, 972 F.2d 1483, 1490 (8th Cir. 1992) (quoting therein *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 587-88 (1986), and citations therein). Where motive and intent are at issue, disposition of the matter by summary judgment may be more difficult. *Cf. Amerinet*, 972 F.2d at 1490.

The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out the part of the record that bears out his assertion. *Handeen v. Lemaire*, 112 F.3d 1339, 1346 (8th Cir. 1997) (quoting therein *City of Mt. Pleasant, Iowa v. Associated Electric Cooperative, Inc.*, 838 F.2d 268, 273 (8th Cir. 1988)). No defense to an insufficient showing is required. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (citation therein); *Handeen*, 112 F.3d at 1346. If the movant meets his burden, however, the nonmovant, to defeat the motion, "must advance specific facts to create a genuine issue of material fact for trial." *Bell*, 106 F.3d at 263 (quoting *Rolscreen Co. v. Pella Products of St. Louis,*

*Inc.*, 64 F.3d 1202, 1211 (8th Cir. 1995)).  The nonmovant must do more than show there is some metaphysical doubt; he must show he will be able to put on admissible evidence at trial proving his allegations.  *Bell*, 106 F.3d at 263 (citing *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996), and *JRT, Inc. v. TCBY Systems, Inc.*, 52 F.3d 734, 737 (8th Cir. 1995)).

To prevail on any nondischargeability complaint, the creditor must establish by a preponderance of the evidence all the elements required.  *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991); *Jafarpour v. Shahrokhi* (*In re Shahrokhi*), 266 B.R. 702, 707 (B.A.P. 8th Cir. 2001).  The exceptions to discharge are construed narrowly in order to effect the fresh start policy of the Bankruptcy Code.  *Owens v. Miller (In re Miller)*, 276 F.3d 424, 429 (8th Cir. 2002).

III.[4]

Section 523(a)(2).  Section 523(a)(2) presents two distinct nondischargeability provisions.[5]  A debt for money, property, services, or an extension or renewal of credit is excepted from discharge under § 523(a)(2)(A) to the extent it was obtained by "false pretenses, a false representation, or actual fraud, *other than* a statement respecting the debtor's or an insider's financial condition."  (Emphasis added.)  As § 523(a)(2)(A) is interpreted by case law, the party opposing the discharge of a particular debt must show:

1.  the debtor made a representation;

---

[4] The record before the Court does not include Debtors' answers, if any, to the trusts' interrogatories (docs. 9 and 10).  There was some indication in Debtors Michael Hardes and Wade Hardes's depositions (doc. 19) that the trusts may have waived written answers.  In any event, no such answers were filed, thus reducing the summary judgment record available to the Court.  *See* Bankr. D.S.D. R. 7005-2(a).

[5] Contrary to Bankr. D.S.D. R. 7001-2(c), the trusts' complaints did not specify the subsection of § 523(a)(2) under which they sought relief.

2. at the time made, the debtor knew the representation to be false;

3. the representation was made with the intention and purpose of deceiving the creditor;

4. the creditor justifiably relied on the representation; and

5. the creditor sustained a loss as a proximate result of the representation having been made.

*Burt v. Maurer (In re Maurer),* 256 B.R. 495, 500 (B.A.P. 8th Cir. 2000); *see Field v. Mans*, 116 S.Ct. 437 (1995) (discussion of justifiable reliance); *Van Horne*, 823 F.2d at 1287; *Thul v. Ophaug (In re Ophaug)*, 827 F.2d 340, 342 (8th Cir. 1987); *Universal Bank v. Grause (In re Grause)*, 245 B.R. 95, 99 (B.A.P. 8th Cir. 2000); *see Alport v. Ritter (In re Alport)*, 144 F.3d 1163, 1166-67 (8th Cir. 1998) (application of § 523(a)(2)(A)).

For a debt to be declared nondischargeable under § 523(a)(2)(B), the creditor must show the debtor obtained credit:

1. by use of a written statement;

2. that was materially false;

3. regarding the debtor's or an insider's financial condition;

4. on which the creditor *reasonably* relied; and

5. with which the debtor intended to deceive.

*First National Bank of Olathe, Kansas v. Pontow*, 111 F.3d 604, 608 (8th Cir. 1997).

The circumstances presented do not lend themselves to the application of either § 523(a)(2)(A) or § 523(a)(2)(B). Debtor Michael Hardes wore a trustee's hat when he took money from the trusts and distributed it to himself and other family members or for their benefit. Obviously, he could not have made a false oral statement to

himself or have given himself a false financial statement, and the trusts have not identified anyone else Debtor Michael Hardes may have misled.  Likewise, Debtor Michael Hardes could not justifiably or reasonably have relied on a representation he would have known was false.  As for the other debtors, the trusts did not identify any false oral statements or false written financial statements they may have made to Debtor Michael Hardes or shown any such statements were instrumental in Debtor Michael Hardes's release of the subject funds from the trusts.  Debtors clearly espouse the money was taken from the trusts only as loans, and the trusts have not advanced any specific evidence to create a material question of fact for trial on whether Debtors intentionally misled anyone regarding their intent to repay the trusts or their prospects of doing so.  *See Hartwig v. Markley* (*In re Markley*), 446 B.R. 484 (Bankr. D. Kan. 2011).  Accordingly, summary judgment will be granted to all four debtors regarding any allegations under § 523(a)(2).

Section 523(a)(4).  To establish a debt is nondischargeable under § 523(a)(4) because it arose from fraud or defalcation by a fiduciary, the creditor must establish: (1) a fiduciary relationship existed between the creditor and the debtor; and (2) the debtor committed fraud or defalcation while acting in that fiduciary capacity.  *Shahrokhi*, 266 B.R. at 707; *E.W. Wylie Corp. v. Montgomery (In re Montgomery)*, 236 B.R. 914, 922 (Bankr. D.N.D. 1999).  Whether a party is a fiduciary under § 523(a)(4) is a question of federal law.  *Tudor Oaks Limited Partnership v. Cochrane (In re Cochrane)*, 124 F.3d 978, 984 (8th Cir. 1997).

The fiduciary capacity necessary for a debt to be declared nondischargeable under 11 U.S.C. § 523(a)(4) must arise from an express trust, not a constructive trust.

*Barclays American/Business Credit, Inc. v. Long* (*In re Long*), 774 F.2d 875, 878-79 (8th Cir. 1985). Generally, for an express trust to exist, the agreement between the parties must include an explicit declaration of a trust, identify a trust *res*, and set forth the terms of a trust relationship; a mere contractual relationship is insufficient. *Werner v. Hofmann* (*In re Hofmann*), 144 B.R. 459, 463-64 (Bankr. D.N.D. 1992), *aff'd*, 5 F.3d 1170 (8th Cir. 1993). The fiduciary relationship to which § 523(a)(4) applies does not encompass trusts imposed on transactions by operation of law or as a matter of equity. *ITT Life Insurance Corp. v. Haakenson* (*In re Haakenson*), 159 B.R. 875, 887 (Bankr. D.N.D. 1993). A fiduciary under § 523(a)(4) is more narrowly defined than it is under the common law.

Only Debtor Michael Hardes was a fiduciary of the two trusts. The trusts have not advanced specific evidence any of the other debtors stood in that relationship to the trusts. Accordingly, summary judgment will be granted for Debtors Penny Hardes, Wade Hardes, and Keri Hardes regarding any allegations against them for fraud or defalcation by a fiduciary under § 523(a)(4).

A debt arising from embezzlement is also nondischargeable pursuant to 11 U.S.C. § 523(a)(4). The creditor must establish there has been a fraudulent taking of another person's property by a debtor to whom such property was entrusted. *First National Bank of Fayetteville, Arkansas v. Phillips (In re Phillips)*, 882 F.2d 302, 304 (8th Cir. 1989). In other words, the creditor must establish the debtor improperly used the creditor's property or funds before complying with some obligation to the creditor. *Werner v. Hofmann*, 5 F.3d 1170, 1172 (8th Cir. 1993) (citation therein); *Belfry v. Cardozo (In re Belfry)*, 862 F.2d 661, 662 (8th Cir. 1988). Implicit in an embezzlement

claim under § 523(a)(4) is a showing that the debtor acted with malevolent intent. *Neff v. Knodle* (*In re Knodle*), 187 B.R. 660, 664 (Bankr. D.N.D. 1995). Embezzlement differs from larceny in that the debtor's original possession of the property was lawful or authorized. *Kansas Bankers Surety Co. v. Eggleston* (*In re Eggleston*), 243 B.R. 365, 378 (Bankr. W.D. Mo. 2000); *see Werner,* 5 F.3d at 1172.

> Obligations sufficient to support a claim of embezzlement are ones which make the debtor's discretionary use of the payment, prior to complying with the obligations, improper. [Citation therein.] On the other hand, terms which manifest nothing more than the 'hope [] that no problem will ensue after a carefully and skillfully negotiated agreement is set forth in a legally enforceable contract,' (citation omitted) will not support a claim of embezzlement.

*Belfry,* 862 F.2d at 663 (citations therein).

The trusts have not advanced specific facts showing any of the debtors other than Debtor Michael Hardes had lawful access to the trusts' funds. As to Debtor Michael Hardes, the summary judgment record does not demonstrate a malevolent intent. Therefore, summary judgment will be granted for all four Debtors regarding the trusts' allegation of embezzlement.

A debt arising from larceny is also nondischargeable pursuant to 11 U.S.C. § 523(a)(4). To prove such a debt is nondischargeable under 11 U.S.C. § 523(a)(4), the creditor must show the debtor wrongfully (*i.e.*, without permission) took and carried away property; the property taken by the debtor was owned by another; and the debtor took the property with an intent to use it for his own benefit. *Eggleston,* 243 B.R. at 378. Here, the trusts have not advanced specific facts indicating how any of the debtors' initial possession of the money from the trusts was unlawful. That is not to say their possession *was* lawful. However, the trusts have not pointed to

admissible evidence in the record to show Debtors obtained possession of the funds through unlawful means. *See Bell*, 106 F.3d at 263 (quoting *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 64 F.3d 1202, 1211 (8th Cir. 1995)). Thus, summary judgment is appropriately granted for all four debtors regarding the trusts' allegations of larceny.

<u>Section 523(a)(6)</u>. A debt for a willful and malicious injury to another entity or to the property of another entity is excepted from discharge under 11 U.S.C. § 523(a)(6). The question of what constitutes a "willful" injury has been answered by the Supreme Court:

> The word "willful" in [§ 523](a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, *i.e.*, "reckless" or "negligent," to modify "injury." Moreover, as the Eighth Circuit observed, the [§ 523](a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the *consequences* of an act," not simply "the act itself." Restatement (Second) of Torts § 8A, Comment *a*, p. 15 (1964) (emphasis added).

*Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998).

"Malicious" conduct is something *more* than a reckless disregard for the creditor's economic interests and expectancies. *Long,* 774 F.2d at 881. Absent some additional aggravated circumstances, establishing a debtor knowingly violated the creditor's legal rights is insufficient to establish malice. *Id.* Instead, "malicious" conduct is conduct targeted at the creditor that is certain or almost certain to cause harm, *Waugh v. Elderidge* (*In re Waugh*), 95 F.3d 706, 711 (8th Cir. 1996), and that

is committed without just cause or excuse. *Dennis v. Novotny* (*In re Novotny*), 226 B.R. 211, 218 (Bankr. D.N.D. 1998) (quoting therein *Tinker v. Colwell*, 193 U.S. 473, 486 (1904)).

Whether § 523(a)(6) applies in this case given the facts advanced by the trusts is a close call. When the record is parsed, however, the trusts have not identified any evidence Debtors' actions were willful in the sense they intended to financially injure the trusts. The record indicates Debtor Michael Hardes, as the trustee, was derelict in fulfilling reporting requirements. The record also shows all four debtors quickly expended the trusts' assets to foster their own financial gain and to expand their farming operation and used the funds without providing appropriate documentation or collateralization for any of the funds claimed to be taken as loans. From this summary judgment record, the Court could conclude Debtor Michael Hardes was negligent and all four debtors were indifferent or even reckless when it came to the trusts' well-being, but that same record does not allow the Court to conclude, without undue speculation, any of the four debtors specifically intended to financially harm the trusts or were substantially certain their actions would financially harm the trusts. *See, e.g., Blocker v. Patch* (*In re Patch*), 526 F.3d 1176, 1180-83 (8th Cir. 2008). The trusts have not demonstrated they will be able to put on admissible evidence at trial proving this element of § 523(a)(6). *Bell*, 106 F.3d at 263. Summary judgment will therefore be entered for Debtors regarding the trusts' § 523(a)(6) allegations.

<u>Civil conspiracy</u>. Finally, the trusts urge the Court to deny summary judgment as to Debtors Penny Hardes, Wade Hardes, and Keri Hardes under a civil conspiracy theory. Since only the allegations of fraud or defalcation by fiduciary Debtor Michael

Hardes remain, it would appear the trusts, based on developing law in this circuit, would need to establish Debtors Penny Hardes, Wade Hardes, and Keri Hardes either were knowing and active participants with Debtor Michael Hardes in a scheme or conspiracy to defraud the trusts, *Murrin v. Scott* (*In re Scott*), 403 B.R. 25, 35-36 (Bankr. D. Minn. 2009) (quoting therein *In re Markarian*, 228 B.R. 34, 39 (B.A.P. 1st Cir. 1998)), or show a principal-agent relationship existed between Debtor Michael Hardes and some or all the other debtors and the principals were indifferent to Michael Hardes's fraudulent acts. *Treadwell v. Glenstone Lodge, Inc*. (*In re Treadwell*), 637 F.3d 855, 862 (8th Cir. 2011) (if a creditor proves a partnership between two debtors, nondischargeability for fraud may be imputed from one partner to the other if the otherwise innocent partner knew or should have known about his partner's fraud); *Walker v. Citizens State Bank of Maryville, Missouri* (*In re Walker*), 726 F.2d 452, 454 (8th Cir. 1984); *McGregor v. Crumley*, 775 N.W.2d 91, 97 (S.D. 2009); and S.D.C.L. §§ 25-2-14, 48-7A-308, 47-34A-301-303.  The trusts have evidence that Debtors were tied not just familially, but also by law through joint debts and member interests in the same formal entities.  The trusts also have evidence that large sums of the trusts' funds were used to pay down debts owed by the debtors or their related entities and to construct a quality farm building and evidence that Debtor Michael Hardes wrote Debtor Penny Hardes a check for $10,000.00 on one trust's account. The trusts, however, have not advanced specific facts, beyond the parties' familial relationship, sufficient to create a triable issue of whether Debtors Penny Hardes, Wade Hardes, or Keri Hardes knowingly supported and actively cooperated in any wrongdoing by Debtor Michael Hardes as trustee in obtaining the funds from the

trusts. *Scott,* 403 B.R. at 35-36. The trusts have also not demonstrated how Debtors Penny Hardes, Wade Hardes, and Keri Hardes are statutorily bound by any wrongdoing on the part of Debtor Michael Hardes. It is possible such evidence exists; however, the trusts have not directed the Court to it. *White v. McDonnell Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990). Though pinpoint citations are not required, the trusts, as the parties bearing the burden of proof at trial as to the existence of this essential element, needed to designate specific facts showing there is a genuine issue for trial and not make the Court speculate or wade through the record itself. *Id.* Accordingly, summary judgment will be granted for Debtors on the trusts' conspiracy theory.

An appropriate order will be entered granting Debtors-Defendants' Motion for Summary Judgment.

Dated: July 28, 2011.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota